UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cr-00974-AGF |
| ) | |
| ERIC L. WHITE, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

In February of 2020, Defendant Eric L. White pled guilty to conspiracy to distributing and possessing with intent to distribute in excess of 40 grams of fentanyl, and to possessing with the intent to distribute in excess of 500 grams of cocaine. White is currently serving a 102-month sentence.

On or about February 6, 2023, White filed a pro se motion (ECF No. 306) for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Appointed counsel has filed a statement that she will not supplement White's motion.

White argues that he should be released due to his own health problems (being overweight, having high blood pressure, and being twice diagnosed with COVID-19) in light of the COVID-19 pandemic, and also to care for his mother, who is 79 and suffering

---

[1] White also filed a second pro se motion for compassionate release on May 19, 2023 (ECF No. 308) and a pro se motion to expedite ruling on August 21, 2023 (ECF No. 309).

from many health problems.  He states that his siblings are too busy with work and their own health problems to help care for his mother, and that although his mother has been able to care for herself for the past two years, her condition has gotten worse since her COVID-19 diagnosis.  White also states that he is a non-violent, first-time offender with minimum risk of recidivism; he has served a significant portion of his sentence; and he has completed significant rehabilitation while incarcerated.

Compassionate release under 18 U.S.C. § 3582(c)(1)(A) may only be granted if a court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  White has not demonstrated such extraordinary and compelling reasons here.  The nature of White's health conditions in light of the current state of the COVID-19 pandemic simply do not rise to the level of seriousness required to warrant release under § 3582(c)(1)(A).  As for the nature of White's offense and the age of his prior criminal history, the Court considered these factors at sentencing and, for these reasons and others, sentenced White to a term well below the applicable range under the United States Sentencing Guidelines.

Likewise, the Court commends White's exemplary post-sentencing conduct. However, such rehabilitation alone "cannot constitute an extraordinary and compelling reason to modify a sentence."  *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (citing 28 U.S.C. § 994(t)).  Finally, while the

2

Court appreciates White's desire to care for his mother, at this time, he has not shown that he is the only caregiver available or that his mother is incapable of self-care.

Considering all of the sentencing factors listed under 18 U.S.C. § 3553(a), the Court again concludes that the sentence previously imposed is necessary to meet the sentencing objectives of reflecting the seriousness of this defendant's crime and providing appropriate punishment, incapacitation, and deterrence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se motions for compassionate release from custody are **DENIED**.  ECF Nos. 306 & 308.

**IT IS FURTHER ORDERED** that Defendant's pro se motion to expedite is **DISMISSED as moot**.  ECF No. 309.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2023.

3